UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:15-CR-298 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| TERRY DAVIS, | |
| Defendant(s). | |

Presently before the court is defendant Terry Davis's motion for correction of the record. (ECF No. 29).  The government has not filed a response and the time to do so has passed.

**I.     Facts**

On May 12, 2016, the parties attended a hearing before this court regarding defendant's revocation of supervised release.  (ECF No. 26).  Defendant was sentenced to six (6) months custody followed by eighteen (18) months of supervised release.

In the instant motion, defendant requests that the court correct the record pursuant to Federal Rule of Criminal Procedure 36.

**II.    Legal Standard**

"After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.

**III.   Discussion**

Defendant argues that prior to the revocation hearing, the parties entered into an agreement whereby he agreed to accept responsibility for some of the allegations against him in exchange for the government agreeing to not proceed as to the remaining allegations.  (ECF No. 29 at 2).

**James C. Mahan**
**U.S. District Judge**

Specifically, defendant contends that he agreed to accept responsibility for the allegations in paragraph two (2) of the government's petition to the extent that it stated the following:

> Mr. Davis reports to the Probation Office that he is a dog trainer with Custom K9 Services LLC.  Mr. Davis is not licensed in the State of Nevada to train or sell personal protection dogs.

(ECF No. 29 at 3).  Defendant argues that he did not agree to accept responsibility for the allegations in paragraph two (2) of the government's petition to the extent that it stated the following:

> Mr. Davis trained and sold at least six personal protection dogs since 2014, and is therefore working at an unlawful occupation.

(ECF No. 29 at 3).  That being the case, defendant requests that the court correct the record to reflect the "intent of the parties" pursuant to Federal Rule of Criminal Procedure 36.  (ECF No. 29 at 3).

While defendant repeatedly refers to an agreement with the government, he fails to provide such agreement or point to the existence of one in the record.  Moreover, Federal Rule of Criminal Procedure 36 provides that the court may correct clerical errors or errors arising from oversight or omission.  *See* Fed. R. Crim. P. 36.  This is not the type of correction that defendant seeks in his motion for correction of the record.  Rather, defendant appears to be requesting that the record be redacted to exclude the above allegation regarding the sale of protection dogs since 2014, the proper avenue for which is a redaction request with the court transcriber.  Redaction requests were due by July 14, 2016.  (ECF No. 28).

As defendant's motion does not request the correction of clerical errors or errors arising from oversight or omission, Rule 36 is inapplicable.  Accordingly, the court will deny defendant's motion for correction of the record pursuant to Rule 36.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for correction of the record (ECF No. #29) be, and the same hereby is, DENIED.

DATED August 16, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**